JOHN D. LEE,

        Plaintiff,

v.                                                         Case No. 21-C-1282

KENOSHA COUNTY SHERIFF'S DEPARTMENT,
KENOSHA COUNTY JAIL,
FROEDTERT HOSPITAL, and
JOHN AND JANE DOE,

        Defendants.

## SCREENING ORDER

    Plaintiff, John D. Lee, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Lee's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Lee has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Lee has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $25.00. Lee's motion for leave to proceed without prepaying the filing fee will be granted.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Lee alleges that, on July 24, 2018, he was arguing with his sister while he packed his bags to leave the house at her request. Dkt. No. 1 at 2. Lee states that the Kenosha County Sheriff's Department dispatched Defendant John Doe 1 to that house in response to a domestic disturbance. *Id.* When Doe 1 arrived, he ran Lee's name and began investigating the situation. *Id.* Lee informed Doe 1 that he was on parole/extended supervision, he had been drinking, and his sister wanted him out of the house for the night. *Id.* Lee alleges that, while he was talking to Doe 1, he began to feel the way he does when a seizure is approaching, and he told his sister and Doe 1 what was happening. *Id.* Doe 1 took Lee to the Froedtert Hospital Emergency Room and then left Lee in the ER. *Id.*

According to Lee, he was placed in a room at Froedtert where he was given medication and put on monitors. *Id.* Lee states that he "was mean" while in that room. *Id.* Lee also states that he was told he would be monitored in the hospital for two to three days. *Id.* Approximately four to five hours later, two Kenosha County Sheriff's Department deputies, Jane Doe and John Doe 2, arrived in his room while he was asleep. *Id.* Lee woke up when he heard Jane Doe come into the room and yell at him that he needed to get up and leave. *Id.* Jane Doe was stern with the nurses and told them to unhook Lee because he was fine. *Id.* Lee states that Jane Doe grabbed the front of his hospital gown and yanked him out of bed and onto the floor, despite his verbal protests. *Id.* Lee alleges that Jane Doe continued to grab him and then dragged him across the floor before he lost consciousness. *Id.*

Lee claims that when he regained consciousness, he was being forced into the backseat of a squad car and was "kidnapped." *Id.* at 3. Lee was taken to the Kenosha County Jail and "thrown" into a holding cell with about twenty other people. *Id.* There was nowhere for Lee to sit in the

3

holding cell, so he laid down on the floor for twelve hours because he still felt sick. *Id.* According to Lee, for "no reason at all" he was moved to an Administrative Segregation cell and locked in for three days. *Id.* Lee claims that he was sick the entire time and could not eat, which made him detox, causing him physical and emotional distress. *Id.* Further, Lee states that, while he was sick in the cell, no medical staff came to see him. *Id.*

Lastly, Lee claims *Monell* liability against the Kenosha County Sheriff's Department, Jail Administration, and Froedtert Hospital. *Id.* Lee also alleges supervisor liability against the Kenosha County Sheriff's Department, Jail Administration, Froedtert Hospital, Doe 1, Jane Doe, Doe 2, and the Froedtert Hospital security staff. *Id.*

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Lee's allegations against Jane Doe invoke his rights under the Fourteenth Amendment. Claims that law enforcement officers used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The reasonableness inquiry is objective and fact-intensive: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. A court must consider whether each use of force was reasonable under the totality of the circumstances, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the

4

safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396; *see also Turner v. City of Champaign*, 979 F.3d 563, 567 (7th Cir. 2020); *Siler v. City of Kenosha*, 957 F.3d 751, 758-59 (7th Cir. 2020). This is a fact-intensive inquiry, and the assessment of those facts must be left for a later time. At the screening stage, the Court finds that Lee has sufficiently stated a claim for excessive force against Jane Doe for pulling him out of bed and onto the floor and dragging him out of a hospital room during an apparent arrest.

Accordingly, Lee may also proceed against Doe 2 because he was present at the time of Jane Doe's alleged Fourteenth Amendment excessive force violation and had a realistic opportunity to intervene to prevent the excessive force by Jane Doe. An officer "who is present and fails to prevent other law enforcement officers from infringing constitutional rights of citizens" can be liable under §1983 for failing to intervene "if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (emphasis in original) (internal citations omitted).

Additionally, Lee alleges that he was wrongly arrested (kidnapped) by Jane Doe and Doe 2 and taken to Kenosha County Jail. To succeed on a wrongful arrest claim, Lee must show that there was no probable cause for his arrest. If probable cause to arrest is found to exist, it "is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (citation omitted). Lee has not provided sufficient facts for the Court to determine whether

there was probable cause or not. Therefore, Lee may proceed on a claim of wrongful arrest against Jane Doe and Doe 2.

Further, Lee seeks to bring a claim challenging his medical care while he was held in the Kenosha County Jail segregation cell. Based on the complaint, it appears that Lee was a pretrial detainee while he was at the Kenosha County Jail and, therefore, his claim comes under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018). To state a claim under the Fourteenth Amendment, the plaintiff must establish that he suffered from an objectively serious medical condition and that the defendants—acting purposefully, knowingly, or recklessly—responded or failed to respond in a manner that was objectively unreasonable. *See Id.* at 352-53; *Williams v. Ortiz*, 937 F.3d 936, 942-43 (7th Cir. 2019). Because Lee was in the hospital receiving treatment before he was taken to the Kenosha County Jail, it is likely that he suffered from an objectively serious medical condition. However, Lee fails to identify anyone who responded or failed to respond in a manner that was objectively unreasonable. Accordingly, this claim will be dismissed without prejudice with the understanding that if Lee intends to proceed with it, he must identify by name the specific people who were responsible. If he does not know, he should use the discovery process to learn their names and request leave to file an amended complaint once he has done so.

However, Lee has failed to state a claim against Froedtert Hospital, Kenosha County Sheriff's Department, Kenosha County Jail, and Doe 1. First, because Froedtert Hospital is not a governmental official or employee, Lee must show that Froedtert acted under the color of state law before he can proceed on a §1983 claim against it. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Based on the complaint, the medical care Froedtert provided Lee cannot be attributed to the state. *See id.* at 830-32. Lee was dropped off at Froedtert and was

6

not in custody when he began to receive medical care.  According to Lee, he was receiving medical care without issue or involvement from the state until hours later, when Jane Doe and Doe 2 showed up.  Thus, there are no facts that provide the Court with a reasonable inference Froedtert was acting under the color of state law, and, therefore, Lee has failed to state a claim against Froedtert.

Second, Lee may not proceed against the Kenosha County Sheriff's Department and Kenosha County Jail.  In his complaint, Lee states that he claims *Monell* liability against the Kenosha County Sheriff's Department and Kenosha County Jail.  Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978), municipalities and other local governments are liable for an employee's conduct only if the employee injured the plaintiff in execution of an official policy, custom, or widespread practice.  *See Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 122 (1992); *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014).  Therefore, to maintain a §1983 claim against a municipal entity, Lee must first identify a "policy or custom" attributable to governmental policymakers.  *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 691-94).  Lee has not alleged any facts regarding the policies or customs of the Kenosha County Sheriff's Department or Kenosha County Jail.  Thus, Lee has failed to state a *Monell* claim against the Kenosha County Sheriff's Department and Kenosha County Jail, and the Court will dismiss them from this action.

Lastly, Lee provides the conclusory statement that he is alleging supervisory liability against the Kenosha County Sheriff's Department, Jail Administration, Froedtert Hospital, Doe 1, and the Froedtert Hospital security staff.  However, as explained above, Lee has failed to state sufficient facts to attach liability to these defendants.  Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under §1983.  *See Rodriguez*, 577

7

Case 1:21-cv-01282-WCG   Filed 01/26/22   Page 7 of 11   Document 13

F.3d at 822. Therefore, Lee's conclusory allegation based on supervisory liability fails to state a claim.

Accordingly, the Court finds that Lee may proceed on a Fourteenth Amendment excessive force claim against Jane Doe, a failure to intervene claim against Doe 2, and a wrongful arrest claim against Jane Doe and Doe 2. Because Lee does not know the names of the defendants, Jane Doe and Doe 2, he is suing, the Court will add Sheriff David G. Beth, as a defendant for the limited purpose of helping Lee identify the names of the defendants. *See Donald v. Cook Cty. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). The Court will order the Marshals to serve Sheriff Beth with Lee's complaint and a copy of this order. Sheriff Beth does not have to respond to the complaint. After Sheriff Beth's lawyer files an appearance in this case, Lee may serve discovery upon Sheriff Beth (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the names of the defendants.

For example, Lee may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Federal Rule of Civil Procedure 34. Because Lee does not state a claim against Sheriff Beth, Lee's discovery requests must be limited to information or documents that will help him learn the real names of the defendants he is suing. Lee may not ask Sheriff Beth about any other topic, and Sheriff Beth is under no obligation to respond to requests about any other topic.

After Lee learns the names of the people he alleges violated his constitutional rights, he must file a motion to substitute their names for the John and Jane Doe placeholders. The Court will dismiss Sheriff Beth as a defendant once Lee identifies the defendants' names. After the defendants have an opportunity to respond to Lee's complaint, the Court will set a deadline for

discovery. At that point, Lee may use discovery to get the information he believes he needs to prove his claims.

Lee must identify the names of the Jane and John Doe defendants within sixty days of Sheriff Beth's attorney appearing. If he does not or does not explain to the Court why he is unable to do so, the Court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

**IT IS THEREFORE ORDERED** that Lee's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Kenosha County Sheriff's Department, Kenosha County Jail, Froedtert Hospital, and John Doe 1 are dismissed from this case.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Kenosha County Sheriff David G. Beth pursuant to Federal Rule of Civil Procedure 4. Lee is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Sheriff David G. Beth does not have to respond to Lee's complaint; however, he must respond to Lee's discovery requests as described in this order.

**IT IS FURTHER ORDERED** that Lee must identify the real names of the Doe defendants within sixty days of Sheriff David G. Beth's counsel appearing in the case. If he does not or does

not explain to the Court why he is unable to identify their real names, the Court may dismiss his case based on his failure to diligently pursue it. Civil Local Rule 41(c).

**IT IS FURTHER ORDERED** that the agency having custody of Lee shall collect from his institution trust account the $325.00 balance of the filing fee by collecting monthly payments from Lee's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Lee is transferred to another institution, the transferring institution shall forward a copy of this Order along with Lee's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Lee is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Lee is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 26th day of January, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge