UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN D. LEE,

        Plaintiff,

    v.                                      Case No. 21-C-1282

BRIAN HORENSKY, et al.,

        Defendants.

---

## ORDER DENYING MOTION TO RECRUIT COUNSEL

---

        Plaintiff John D. Lee, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that Defendants Brian Horensky and Nicole Sorensen used excessive force, failed to intervene, and wrongfully arrested him on July 24, 2018. Dkt. No. 13 at 8. On August 30, 2022, Defendants filed a motion to dismiss based on Wisconsin's Statute of Limitations. Dkt. No. 34. Plaintiff has not yet responded to the motion. Instead, he filed a second motion to appoint counsel on September 14, 2022, alleging that he has reached out to lawyers to no avail; he is having difficulty with discovery because he lacks legal knowledge and/or because the Kenosha County Jail and the Froedtert Hospital are colluding against him; and he does not have many legal resources at the Winnebago Correctional Center. Dkt. No. 37.

        In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). "[D]eciding

whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel on his own. *Pickett v. Chicago Transit Auth*., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. "The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Id*. When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id*. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id*. at 490-491. The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id*. at 491. The Court may also consider the merits and what is at stake when deciding whether to allocate scarce *pro bono* counsel resources. *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022).

The Court is satisfied that Plaintiff made reasonable attempts to recruit counsel on his own. *See* Dkt. No. 37-3. But Plaintiff has not satisfied the second prong. Plaintiff's lack of legal knowledge and lack of legal resources is not enough to show that he lacks the capacity to represent

himself. Indeed, he has been able to follow the Court's instructions to identify Doe defendants, and his other filings thus far have been clear and coherent. Based on this, the Court concludes that Plaintiff is capable of representing himself at this point in time.

Further, as explained in the prior order, *see* Dkt. No. 24 at 4, Plaintiff should focus on one task at a time. Right now, all he must do is respond to Defendants' motion to dismiss—he need not worry about discovery. In the motion to dismiss, Defendants claim that Plaintiff did not timely file this lawsuit within three years of the incident giving rise to the claim. Plaintiff should file a response to the motion explaining why he waited until November 2021 to file this case, including any attempts he made to exhaust his administrative remedies. Since this is information of which Plaintiff has direct knowledge, recruitment of counsel should not be necessary in order for him to respond. A lawyer can't change the critical facts surrounding when he filed, and the Court is familiar with the law surrounding Wisconsin's statute of limitations, so it can independently assess whether Plaintiff's reason for waiting to file defeats the statute of limitations as a matter of law. The Court will therefore deny Plaintiff's second motion to appoint counsel without prejudice. The Court will, however, extend the deadline by which Plaintiff must respond by two weeks to allow him additional time to do so.

**IT IS THEREFORE ORDERED** that Plaintiff's second motion to appoint counsel (Dkt. No. 37) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's deadline to respond to Defendants' motion to dismiss is extended to **October 4, 2022**.

Dated at Green Bay, Wisconsin this 16th day of September, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge